### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO COLLINS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 3:23-CV-71 (OAW) |
| | : | |
| INGRID FEDER et al., | : | |
| *Defendants.* | : | |

### <u>INITAL REVIEW ORDER</u>

Self-represented plaintiff, Ricardo Collins ("Mr. Collins" or "Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution, has filed a complaint pursuant 42 U.S.C. § 1983, against four medical providers: Doctors Ingrid Feder, Brian Rader, and Francesco Lupis ("Dr." followed by their respective surnames), and APRN Chena McPherson ("APRN McPherson") (collectively "Defendants"). He also filed an Amended Complaint purporting to add Aurob Manufacturing as a defendant, ECF No. 10. Plaintiff alleges that Defendants were deliberately indifferent to his medical needs regarding a prescription for Gabapentin and that they failed to inform him of his medication's side effects. He seeks damages, and mandated treatment by a neurologist.

## I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2).  Although highly detailed allegations are not required, the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

With respect to pro se litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co*.,

706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)).   This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'"  *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).   Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the court may not "invent factual allegations" that the plaintiff has not pled.  *Id.*

## II.    BACKGROUND

Mr. Collins arrived at MacDougall-Walker Correctional Institution on August 27, 2021, after undergoing a medical procedure.  Complaint, ECF No. 1 at 1.  Plaintiff had been prescribed Gabapentin (Neurontin) for pain management and Dr. Lupis cleared him to continue taking it.  *Id.*  On April 15, 2021, APRN McPherson increased the dosage to 500 mgs.  *Id.* at 2.  Dr. Feder was in charge of the medical unit at Corrigan Correctional Institution at that time.  *Id.*  Upon being prescribed Gabapentin, Plaintiff was not told of the medication's side effects.  *Id.*  He alleges that Dr. Feder and APRN McPherson were responsible for informing him of possible side effects.  *Id.*  Since taking Gabapentin,

Plaintiff has begun to experience "memory loss, short term memory, vision issues such as blurred vision, and delayed eye movement." *Id.* Plaintiff finds these conditions bothersome when he writes, reads, or watches television. *Id.* His symptoms affect his breathing and sleep, and his ability to remember the names of family members . *Id.*

Plaintiff reported the symptoms to Dr. Smith, the facility eye doctor. *Id.* Dr. Smith told Plaintiff there was no evidence of vision issues in his medical records and told Mr. Collins that if the symptoms had just started, they could be caused by his medication. *Id.*

Plaintiff has experienced increased anxiety. *Id.* Although he reported this symptom to his medical provider and he expressed concern that it could be caused by his medication, the provider did not investigate the cause for Mr. Collins's increased anxiety. *Id.* In response to Plaintiff's claim that he was not being given sufficient pain medication, Plaintiff's medical provider told him to look up the uses for Gabapentin. *Id.*

Plaintiff's family sent him information on Gabapentin which indicated that it "had been banned and discontinued because of several misleading factors about the medication." *Id.* Plaintiff states that he is being provided Gabapentin for pain management when the drug should not be used for the type of pain he experiences. *Id.* Mr. Collins also learned that Gabapentin is used to address mental health conditions, mostly in children, including bipolar disorders, seizures, and neurological pain. *Id.* at 3. He has none of these conditions. *Id.*

III.    DISCUSSION

Plaintiff states that "[t]he Department of Corrections, Dr. Feder, and A.P.R.N.

Chena are responsible because they did not inform me correctly and prescribe to me the wrong medication." *Id.* The court considers the Complaint to assert an Eighth Amendment claim for deliberate indifference to medical needs based on Defendants' provision of an incorrect medication and a Fourteenth Amendment claim for violation of Plaintiff's right to medical information based on Defendants' failure to inform him of the side effects of Gabapentin. The court will also review a claim for deliberate indifference based on Defendants' failure to treat the alleged side effects of that medication.

**A. Deliberate Indifference to Medical Needs**

To state a cognizable claim for deliberate indifference to serious medical needs, Plaintiff must allege facts showing that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Famer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162—63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Initially, a condition may not be serious, but it may become serious because it is degenerative and, if left untreated or neglected for a long period of time, it "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). The court must "consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly

5

affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  Further, "[i]n most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003)).

Plaintiff also must show that the defendants were deliberately indifferent to his serious medical needs.  "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013).  The defendants "must appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions . . . ." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).  Thus, "mere negligence" is insufficient to state a claim for deliberate indifference.  *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

### 1. Prescribing Incorrect Medication

Mr. Collins generally alleges that the defendants prescribed "the wrong medication".  ECF No. 1 at 3.  He does not allege that any of the defendants originally prescribed Gabapentin, but instead states that he was put on this medication following a medical procedure, ECF No. 1 at 1.  Specifically, in an attached medical grievance, Plaintiff states that a doctor at "UConn" prescribed the medication[1] following surgery, *id.*

---

[1] In the grievance, Plaintiff states that he was prescribed "Narotine", *id.* at 43.  The court notes that Neurontin is the brand name for Gabapentin.  *See* https://medlineplus.gov/druginfo/meds/a694007.html (last visited

at 43.  Upon his arrival at MacDougall-Walker, Dr. Lupis cleared Mr. Collins to continue taking Gabapentin.  ECF No. 1 at 1.  The court will permit the failure to prescribe correct medication claim to proceed against this defendant, for further development of the record.

Plaintiff fails to allege facts showing that the remaining defendants, Drs. Feder and Rader and APRN McPherson, prescribed the medication.  At most, Plaintiff alleges that these defendants failed to switch him to a different medication.  Absent facts concerning their involvement in prescribing the medication at issue, the claim merely is a disagreement over the treatment prescribed, which is not cognizable under section 1983. *See Elleby v. Doe*, 2018 WL 3738946, at *3 (N.D.N.Y. Aug. 7, 2018) ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.") (quoting *Chance*, 143 F.3d at 703 (internal quotation marks omitted)).  The deliberate indifference to medical needs claim based on Defendants' failure to prescribe the correct medication therefore is **DISMISSED** as to Drs. Feder and Rader and APRN McPherson.

### 2.  *Side Effects of Medication*

Plaintiff alleges that he has not been treated for Gabapentin's alleged side effects, which cause his anxiety, and affect his vision, memory, breathing, and sleep.  ECF No. 1 at 2.  Mr. Collins does not indicate when he began to experience the alleged symptoms. Assuming, for purposes of initial review, that the side effects are a serious medical need, it is not clear whether APRN McPherson, and Drs. Feder and Rader were treating him

---

July 14, 2023), *archived at* https://perma.cc/KR7B-7FBR.

when he experienced the symptoms.  Thus, Plaintiff fails to allege facts showing that he had a serious medical need while he was being treated by these defendants, or that they were aware of any harm to him.  Therefore, the claim for failure to treat Plaintiff's alleged symptoms is **DISMISSED** with respect to Defendants Feder, Rader, and McPherson.

Dr. Lupis is Plaintiff's current medical provider.  Mr. Collins attached to the Complaint medical grievances complaining about the side effects of Gabapentin and lack of treatment by Dr. Lupis, ECF No. 1 at 43—49.  As the alleged side effects appear serious, the court will permit this claim to proceed against Dr. Lupis, for further development of the record.

B. <u>Right to Medical Information</u>

Plaintiff contends that Dr. Feder and APRN McPherson failed to inform him of the side effects of Gabapentin.  ECF No. 1 at 2.

"To establish a claim for violation of his Fourteenth Amendment right to medical information, 'a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment.'"  *Blaine v. Burnes*, 2019 WL 1596573, at *3 (D. Conn. Apr. 15, 2019) (quoting *Pabon v. Wright*, 459 F.3d 241, 250—51 (2d Cir. 2006)).  The level of deliberate indifference that is required is different from that necessary to state an Eighth Amendment claim for deprivation of medical needs.  *Vega v. Rell*, 2012 WL 2860793, at *8 (D. Conn. July 9, 2012).  "The plaintiff must show that the doctor withheld information with the intent that the prisoner

agree to treatment that he otherwise would refuse." *Id.* (citing *Alston v. Bendheim*, 672 F. Supp. 2d 378, 384—85 (S.D.N.Y. 2009), *aff'd*, 611 F. App'x 22 (2d Cir. 2015)).

Plaintiff alleges that Dr. Feder and APRN McPherson were responsible for informing him of the possible side effects of Gabapentin, but that they failed to do so. The court infers that had he been so informed, Mr. Collins would have refused the drug. However, Plaintiff does not allege facts supporting the conclusion that those defendants withheld such information in order to induce him to accept the medication, or that they even knew of the alleged side effects. Thus, Plaintiff fails to state a cognizable Fourteenth Amendment claim for lack of medical information against them. *See Sadowski v. Dyer*, 2019 WL 2085994, at *11 (D. Conn. May 13, 2019) (citing cases). Accordingly, the Fourteenth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Amended Complaint

In an Amended Complaint filed on May 24, 2023, Mr. Collins realleges the allegations from the Complaint, and he adds one defendant, Aurob Manufacturing ("Aurob"), ECF No. 10 at 1. Plaintiff alleges that Aurob is liable with respect to his deliberate indifference claim because it sold Gabapentin to the Department of Correction, *id.* However, in order to state a plausible claim for relief, Plaintiff must allege facts showing that Aurob acted unconstitutionally. *Iqbal*, 556 U.S. at 678. Plaintiff fails to meet this requirement. He alleges that Aurob sold the drug to the Department of Correction, but not that that it recommended that Department of Correction doctors use the drug for off-label purposes (or even that it knew how the doctors allegedly were using the drug). The court is "not bound to accept conclusory allegations or legal conclusions

9

masquerading as factual conclusions." *Faber*, 648 F.3d at 104.  As Plaintiff's allegation is a mere legal conclusion without factual support, he cannot state a plausible claim against this defendant.  Therefore, the claim against Aurob Manufacturing is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### ORDERS

The Eighth Amendment deliberate indifference claim as to Dr. Feder, Dr. Rader, and APRN McPherson; the Fourteenth Amendment claim for lack of medical information as to Dr. Feder and APRN McPherson; and the Amended Complaint's claim as to Aurob Manufacturing are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claim for deliberate indifference to medical needs in prescribing the incorrect medication and for lack of treatment of Gabapentin's purported side effects will proceed against Dr. Lupis for further development of the record.

The court enters the following additional orders.

(1) **The Clerk of Court shall** verify the current work address for Dr. Lupis with the Department of Correction Office of Legal Affairs, mail to him (at the confirmed address, within **twenty-one (21) days** of this Order) a waiver of service of process request packet containing the Complaint and this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing, please.  If the defendant fails to return the waiver request, the Clerk shall please make arrangements for in-person service on the defendant (in his individual capacity) by the U.S. Marshals Service, and the defendant shall be required to pay the cost of such service.

(2) **The Clerk shall** please prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to please serve the complaint on Dr. Lupis (in his official capacity) at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 0610, within **twenty-one (21) days** of this Order, and to please file a return of service within thirty (30) days of this Order.

(3) **The Clerk shall** please send Plaintiff a copy of this Order.

(4) Defendant shall please file his response to the Complaint (either an answer, or a motion to dismiss) within **sixty (60) days** from the date the waiver forms are sent.  If he chooses to file an answer, he shall admit or deny the allegations and shall respond to the cognizable claims recited above.  He also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests shall not be filed with the court.

(6) All summary judgment motions shall be filed within **eight months (240 days)** from the date of this Order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date that the motion was filed.  If no timely response is filed, the dispositive motion can be granted absent objection.

(8) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he

is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to simply put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, his notification of change of address must list each of their case numbers.  Plaintiff also should notify Defendants (or the attorney for Defendants) of his new address.

(9) Plaintiff shall utilize the Prisoner Electronic Filing Program ("the Program") when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendants' counsel by regular mail.  Additionally, Plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in electronic filing.

(10) **The Clerk** respectfully is directed to immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates, and also shall please send a copy to Plaintiff.

**IT IS SO ORDERED** at Hartford, Connecticut, this 14th day of July, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE