UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO COLLINS,  *Plaintiff*, | ) ) ) | CASE NO. 3:23-cv-71 (KAD) |
| v. | ) ) | |
| INGRID FEDER, *et al.*,  *Defendants*. | ) ) | OCTOBER 2, 2023 |

**ORDER**
**RE: PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT (ECF NO. 14)**

Kari A. Dooley, United States District Judge:

Plaintiff Ricardo Collins ("Collins") filed this complaint *pro se* under 42 U.S.C. § 1983. In the Complaint, Collins asserted claims against Drs. Feder, Lupis, and Rader, and APRN McPherson. *See* ECF No. 1. Collins then filed an Amended Complaint adding claims against drug manufacturer Aurob Manufacture. *See* ECF No. 10. Following initial review of the Complaint and Amended Complaint, the Court, Judge Williams,[1] dismissed all claims except the claims for deliberate indifference to medical needs in prescribing the incorrect medication and for lack of treatment of Gabapentin's purported side effect against Dr. Lupis. *See* ECF No. 11. Collins has now filed a proposed Second Amended Complaint. ECF No. 14. For the following reasons, the proposed Second Amended Complaint is stricken from the record without prejudice to Collins filing a motion for leave to amend accompanied by a proper proposed Second Amended Complaint.

**Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend his complaint once as a matter of right subject to certain limits. Any other amendment requires written consent

---

[1] This case was transferred to the undersigned on September 19, 2023. *See* ECF No. 20.

of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(1) & (2). The district court has broad discretion when determining whether leave to amend should be granted. *See Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). In general, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend, however, for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted)).

In addition, the Local Rules provide that any motion to amend "that requires leave of court shall . . . include a statement of the movant that (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion, or (ii) despite diligent effort, including making the inquiry in sufficient time to afford the non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s). . . ." D. Conn. L. Civ. R. 7(f).

**Discussion**

Collins already has filed one Amended Complaint. He filed a proposed Second Amended Complaint without seeking leave of court and without the consent of Defendants. Nor has Collins complied with the requirements of Local Rule 7(f). Accordingly, the proposed Second Amended Complaint, ECF No. 14, is stricken from the record. Because Collins may seek leave to file a Second Amended Complaint in this case, the Court assesses the adequacy of the document filed.

The Second Circuit has long held that an amended complaint completely replaces the

prior complaint. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert denied*, 434 U.S. 1014 (1978); *see also Alexander v. Gleeson,* No. 23-cv-05663 (PKC) (RER), 2023 WL 5020645, at *2 (E.D.N.Y. Aug. 7, 2023) ("An amended complaint does not simply add to the prior complaint; once it is filed, it completely replaces the original complaint filed before it."). Thus, all claims and relevant facts to support such claims must be included in any amended complaint. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998).

Here, Collins did not include the one deliberate indifference claim that was permitted to proceed and facts regarding his reaction to the drug and the actions of all Defendants. Collins only included facts he wishes to add to this case. Accordingly, if allowed to proceed, this Second Amended Complaint would result in the dismissal of the claim against Dr. Lupis as abandoned and the possible dismissal of the claims against the remaining defendants.

**Medical Providers**

Collins states that he was mistaken when he alleged that the doctor at UConn prescribed Gabapentin; he now alleges that Dr. Feder prescribed the drug. He also includes additional allegations against APRN McPherson and Dr. Rader. The only claim asserted against Dr. Feder and APRN McPherson in the original Complaint was for the failure to inform him of the side effects of Gabapentin. The Court dismissed this claim because Collins failed to allege facts demonstrating that Dr. Feder and APRN McPherson acted to ensure that he undergo treatment he would otherwise have refused and did so with deliberate indifference to his right to refuse treatment. The Court noted that Collins alleged no facts showing that they knew of the potential side effects of Gabapentin or withheld this information to induce Collins to accept treatment. The statements in the proposed Second Amended Complaint do not address these concerns or correct these deficiencies.

In addition, Collins alleges only that Dr. Rader oversaw the medical unit. The Second Circuit requires that a plaintiff plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted). Knowledge that unconstitutional acts were occurring is insufficient to state a claim against a supervisor such as Dr. Rader. *Id.* at 616–17 ("A supervisor's 'mere knowledge . . .' is not sufficient because that knowledge does not amount[] to the supervisor's violating the Constitution." (citation omitted)). Plaintiff's amended allegations still do not state a plausible claim against Dr. Rader.

### Drug Manufacturer

On initial review, the Court dismissed the claims in the Amended Complaint that the manufacturer of Gabapentin was deliberately indifferent to his medical needs because the manufacturer sold the drug to the Department of Correction. The Court noted that to state a plausible claim for relief, Collins had to allege facts showing that the manufacturer recommended that medical staff use the drug for off-label purposes. *See* ECF No. 11 at 9–10.

In his proposed Second Amended Complaint, Collins states only that he "has the right to sue manufacturer when they don't disclose the side effects of the drug they're selling when that drug they're selling harms the plaintiff." ECF No. 14 at 1. Collins alleges no facts indicating whether the manufacturer disclosed the side effects in an insert included in the medication packaging or literature provided to correctional medical providers—a deficiency identified on initial review. In addition, in cases considering the fraudulent concealment of adverse side effects, "the 'informed intermediary' doctrine imposes the duty to warn patients of potential side effects and health risks upon doctors, not manufacturers." *Zottola v. Eisai Inc.*, 564 F. Supp. 3d

302, 317 (S.D.N.Y. 2021); *see also Amos v. Biogen Idec Inc.,* 28 F. Supp. 3d 164, 173 (W.D.N.Y. 2014) (a "drug manufacturer's duty to warn of a drug's side effects runs to the doctor prescribing the drug, and not to the user of the drug"). Thus, the proposed Amended Complaint still does not state a plausible claim against the manufacturer.

**Conclusion**

Collins' proposed Second Amended Complaint, ECF No. 14, is stricken from the record. Collins may file a motion to amend accompanied by a proper proposed Second Amended Complaint that names all Defendants in the case caption, includes all allegations he wishes the Court to consider, and includes all claims he intends to pursue in this action. If he elects to do so, when drafting the proposed Second Amended Complaint, Collins should be mindful of the deficiencies identified in the original initial review order as well as those identified above. Any motion for leave to amend and proposed Second Amended Complaint shall be filed by October 23, 2023.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of October 2023.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE