UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICARDO COLLINS,  )  | CASE NO. 3:23-cv-71 (KAD) |
| *Plaintiff*,  )  | |
| )  | |
| v.  )  | |
| )  | |
| INGRID FEDER, *et al.*,  )  | APRIL 17, 2024 |
| *Defendants*.  )  | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT MCPHERSON'S MOTION TO DISMISS (ECF NO. 35)**

Kari A. Dooley, United States District Judge:

Plaintiff Ricardo Collins ("Collins") filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting federal claims for deliberate indifference to serious medical needs. On initial review, the Court, Judge Williams, U.S.D.J., dismissed all claims in the Original and First Amended Complaints except the deliberate indifference claim against Dr. Lupis. *See* Initial Review Order, *Collins v. Feder*, No. 3:23-cv-71 (OAW), 2023 WL 4551421, at *4 (D. Conn. July 14, 2023).[1] Collins then filed a Second Amended Complaint naming three defendants, Dr. Ingrid Feder, Dr. Brian Rader, and APRN Chena McPherson. *See* ECF No. 27.

Defendant McPherson has filed a motion to dismiss the claims against her. She argues that Collins fails to state claims upon which relief may be granted and that she is protected by sovereign immunity, state statutory immunity, and qualified immunity. For the following reasons, Defendant McPherson's motion is GRANTED in part and DENIED in part. (ECF No. 35)

**Standard of Review**

---

[1] This matter was transferred to the undersigned on September 29, 2023. ECF No. 20.

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Because Plaintiff has filed his Complaint *pro se*, the Court must construe his filings "liberally" and interpret them to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation omitted); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). Despite this special solicitude, the Complaint "must still 'include sufficient factual allegations to meet the standard of facial plausibility' to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-cv-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (quoting *Sentementes v. Gen. Elec. Co.*, No. 3:14-cv-00131 (VLB), 2014 WL 2881441, at *2 (D. Conn. June 25, 2014)).

When reviewing a motion to dismiss, the court considers the complaint, documents attached to the complaint, incorporated by reference therein, or relied upon in bringing the action

which were in the plaintiff's possession or of which the plaintiff had knowledge. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). The court may also "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

**Factual Allegations**[2]

On December 28, 2020, prior to undergoing a "tendon transfer," Dr. Feder prescribed Collins gabapentin for pain management. ECF No. 27 at 1.[3] Dr. Feder did not explain any side-effects of the medication to Collins to enable him to make an informed choice to take the medication, and he did not sign any document acknowledging that he was at risk of suffering any side effects. *Id.*

The gabapentin did not relieve Collins' pain. *Id.* In response to his continued complaints of pain, Collins' dosage was increased. *Id.* While taking gabapentin, Collins suffered memory loss and heightened anxiety, conditions he had never experienced before taking gabapentin. *Id.* at 1–2. The "side-effects" and pain both worsened when he was taken off gabapentin. *Id.* at 2.

While he was taking gabapentin, Collins informed each defendant, at different times, that the gabapentin was ineffective, he continued to be in pain, and that he was experiencing vision problems, memory loss, and heightened anxiety. *Id.* No defendant took any action in response to

---

[2] Collins was previously advised that an Amended Complaint completely replaces the prior complaint and renders the prior complaint of no legal effect. *See* ECF No. 21 at 2–3 (citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) and *Alexander v. Gleeson*, No. 23-cv-05663 (PKC)(RER), 2023 WL 5020645, at *2 (E.D.N.Y. Aug. 7, 2023)). The Court therefore considers only the facts alleged in the Second Amended Complaint.

[3] The Court considers the medical documents Collins filed on March 13, 2024. ECF No. 38. He states that the filing consists of all documents in his possession that pertain to this case and appear to be offered, and are construed as, exhibits to the Second Amended Complaint. ECF No. 38 at 1. *See Gress v. DeJoy*, No. 3:21-cv-1066 (OAW), 2024 WL 1072730, at *1 & n.1 (D. Conn. Mar. 12, 2024) (the Complaint and any exhibits attached thereto may be considered by the Court when addressing a motion to dismiss pursuant to Rule 12(b)(6)).

these complaints. *Id.*

**Discussion**

Collins references Defendant McPherson only in his first claim insofar as she and Dr. Feder failed to disclose the possible side effects of gabapentin and later increased his dosage. The Court considers this claim as both an Eighth Amendment claim for deliberate indifference to medical needs for prescribing gabapentin and increasing the dosage despite Collins' allegations that the medication provided no pain relief and caused side effects and a Fourteenth Amendment claim for violation of the right to receive medical information regarding the side effects. *See Blain v. Burnes*, No. 3:19-cv-251 (MPS), 2019 WL 1596573, at *3 (D. Conn. Apr. 15, 2019) (construing claim for failure to warn of side effects under Fourteenth, rather than Eighth, Amendment).

**Fourteenth Amendment**

Defendant first argues that Plaintiff's claim against her regarding a Fourteenth Amendment right to medical information should be dismissed because he fails to allege facts in support of this claim. "To establish a violation of this right, a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment." *Pabon v. Wright*, 459 F.3d 241, 246 (2d Cir. 2006). As the Court explained on initial review, the deliberate indifference required on this claim is different from the deliberate indifference required to state an Eighth Amendment deliberate indifference claim. Here, Plaintiff must allege facts showing that "the doctor withheld information with the intent that the prisoner agree to treatment he otherwise would refuse." *Collins v. Feder*, No. 3:23-cv-71

4

(OAW), 2023 WL 4551421, at *4 (D. Conn. July 14, 2023) (quoting *Vega v. Rell*, 2012 WL 2860793, at *8 (D. Conn. July 9, 2012) (internal quotation marks and citation omitted)). The Court dismissed this claim on initial review because Collins failed to "allege facts supporting the conclusion that [Defendants Feder and McPherson] withheld such information in order to induce him to accept the medication, or that they even knew of the alleged side effects." *Id.* Collins still does not allege facts to support this element of the claim. Thus, his Fourteenth Amendment claim for failure to advise him of the side effects of gabapentin is dismissed.

*Eighth Amendment*

Defendant next argues that Plaintiff's Eighth Amendment claim that she ignored his side effects and increased the gabapentin dosage because Plaintiff's reference to the "doctor's sworn guidelines," ECF No. 27 at 2, shows that the claim was not intended to be asserted against her because she is a nurse, not a doctor.

Defendant McPherson is an APRN authorized to prescribe medication. *See* Conn. Gen. Stat. § 20-87a(b)(2) &(3) (an APRN may "prescribe, dispense and administer medical therapeutics and corrective measures"). Claims against APRNs regarding their prescription of, or failure to prescribe, medication routinely survive initial review. *See, e.g.*, *Eason v. Walsh*, No. 3:20-cv-271 (SALM), 2022 WL 326990, at *5 (D. Conn. Feb. 3, 2022) (permitting claim against APRN McPherson regarding prescription of medication to proceed on initial review); *Germano v. Cook*, No. 3:19-cv-01204 (JAM), 2020 WL 264763, at *10 (D. Conn. Jan. 17, 2020) (allegation that APRN continued to prescribe medications despite claims of side effects stated plausible claim for relief). Accordingly, the Court will not assume that Plaintiff's Eighth Amendment claim is directed only to Dr. Feder by the mere mention of "doctor" guidelines.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of

prisoners." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). A claim for deliberate indifference to medical needs is comprised of objective and subjective elements. Objectively, a plaintiff must allege a "sufficiently serious" medical condition. *Id.* at 138 (citation omitted). Defendant does not argue that Collins' medical need is not serious.

Subjectively, the plaintiff must also allege that the defendant "knew of and disregarded the plaintiff's serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). This culpable mental state exceeds mere negligence and is akin to criminal reckless intent. *See Farmer v. Brennan*, 511 U.S. 825, 829–40 (1994); *Zafrin v. Department of Corr.*, No. 3:22-cv-1339 (KAD), 2023 WL 8653940, at *5 (D. Conn. Dec. 14, 2023). In addition, a disagreement over treatment provided does not demonstrate deliberate indifference. *See Wright v. Rao*, 622 F. Appx. 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he received adequate treatment. . . . [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citation omitted)).

The Court dismissed Plaintiff's Eighth Amendment claims in his Complaint because he had not alleged facts showing that he was being treated by Defendant or that she was aware of any harm to him. *See Collins*, 2023 WL 4551421, at *3. Plaintiff now alleges that he spoke to her about the side effects, but she did nothing in response. Defendant argues that the Court should dismiss this claim because Plaintiff previously alleged only that the spoke to his eye doctor and "non-party treating providers," ECF No. 35 at 8 n.2, about the side effects. Plaintiff now alleges that Defendant was treating him at this time. Accordingly, she could have been a person to whom

6

Plaintiff alleges he spoke. Further, the allegation that Plaintiff addressed his concerns to all three Defendants named in the Second Amended Complaint is not contradictory to his prior allegations because he did not allege that the people identified in the Complaint were the only people to whom he complained about side effects.

Defendant also contends that Plaintiff has not alleged that she actually prescribed gabapentin. The medical records, which the Court has determined were relied upon in crafting the Second Amended Complaint and can be considered in assessing this motion to dismiss, demonstrate that Defendant authorized the prescription of gabapentin on at least one occasion. *See* ECF No. 38 at 8.

Plaintiff alleged that Defendant prescribed him gabapentin, that he spoke to her about his side effects, and that she did nothing in response. Allegations that a doctor continued to prescribe a drug despite the prisoner's complaints about side effects from the medication state a plausible claim for deliberate indifference to medical needs. *See Sadowski v. Dyer*, No. 3:18-cv-1074 (KAD), 2019 WL 2085994, at *9 (D. Conn. May 13, 2019) (citing cases). While other courts have determined that similar allegations do not rise to the level of deliberate indifference, *see Vail v. Lashway*, No. 9:12-cv-1245 (GTS)(RFT), 2014 WL 4626490, at *14 (N.D.N.Y. Sept. 15, 2014), the Court concludes that Plaintiff is entitled to further development of the record. Defendant McPherson's motion to dismiss is denied as to the Eighth Amendment claim.

*Immunity*

Defendant McPherson also argues that she is immune from any claims for relief because of Eleventh Amendment immunity, state statutory immunity, and qualified immunity.

**Eleventh Amendment Immunity**

Defendant McPherson first argues that the Eleventh Amendment provides immunity from

all suits in federal court. The Eleventh Amendment precludes suits for damages against state officials in their official capacities. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). To the extent that Plaintiff brings claims against Defendant McPherson in her official capacity, those claims are dismissed. To the extent that Plaintiff asserts claims against Defendant McPherson in her individual capacity only, Eleventh Amendment immunity does not apply.

### State Statutory Immunity

Defendant McPherson also references state statutory immunity under Connecticut General Statutes § 4-165. This statute provides that "No state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment."

The Connecticut Supreme Court has not "definitively determined the meaning of wanton, reckless or malicious as used in § 4-165." *Martin v. Brady*, 261 Conn. 372, 379 (2002). In the common-law context, however, the Connecticut Supreme Court has stated that:

> In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendant, the existence of a state of consciousness with reference to the consequences of one's act. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

*Id.* (citations and internal quotation marks omitted).

This definition is not unlike the *mens rea* requirement of a deliberate indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly

disregarding that risk."). The Court concludes that Collins' has plausibly alleged that Defendant McPherson's conduct, if proven, would show an awareness and disregard of a substantial risk of harm, thereby precluding at this juncture the application of § 4-165. Defendant McPherson's motion to dismiss on the ground of statutory immunity is denied.

### Qualified Immunity

Finally, Defendant McPherson contends that she is protected by qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity may be asserted on a motion to dismiss because "qualified immunity provides government officials 'immunity from suit rather than a mere defense to liability.'" *Looney v. Black*, 702 F.3d 701, 705 (2d Cir. 2012) (quoting *Pearson*, 555 U.S. at 231).

However, a defendant asserting a qualified immunity defense on a motion to dismiss must overcome a "formidable hurdle," *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004), as "'the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.'" *Neary v. Wu*, 753 F. Appx. 82, 84 (2d Cir. 2019) (quoting *McKenna*, 386 F.3d at 436). A qualified immunity defense will support a motion to dismiss, therefore, only if the plaintiff cannot state any facts that would prevent application of qualified immunity. *McKenna*, 386 F.3d at 436.

The Court has liberally construed Collins' claim against Defendant McPherson as a claim for deliberately failing to heed his concerns about gabapentin in treating his condition (and thus failing to treat the condition in light of those concerns) and determined that further development

of the record is required to determine the viability of that claim. Until the Court makes that determination, it cannot yet determine whether Defendant McPherson is protected by qualified immunity. The motion to dismiss is denied without prejudice on this ground.

**Conclusion**

Defendant McPherson's Motion to Dismiss is GRANTED as to the Fourteenth Amendment claim regarding failure to advise Collins of the side effects of gabapentin and DENIED as to the Eighth Amendment claim for continuing to prescribe gabapentin despite Collins' complaints of side effects and its failure to alleviate his symptoms. (ECF No. 35)

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of April 2024.

                                        */s/ Kari A. Dooley*
                                        KARI A. DOOLEY
                                        UNITED STATES DISTRICT JUDGE